# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| DOUGLAS OPHEIM,<br><br>   Plaintiff,<br>vs.<br><br>STANDARD INSURANCE CO.,<br><br>   Defendant/Third-Party Plaintiff,<br><br>vs.<br><br>JAMES L. STEVENS,<br><br>   Third-Party Defendant. | No. C 16-4145-MWB<br><br>**OPINION AND ORDER ON THE AWARD OF ATTORNEY FEES TO THE PLAINTIFF AND THIRD-PARTY DEFENDANT** |

   In an Opinion And Order On The Merits, filed January 9, 2018, I found for plaintiff Opheim on his claim that defendant Standard's decision not to pay the additional term life insurance benefits at issue to him was an improper denial of benefits; ordered Standard to pay those benefits; denied Opheim's claim of equitable fraud as moot; and concluded that Opheim is entitled to an award of reasonable attorney fees against Standard. In that Opinion, I also denied Standard's third-party claim for an equitable trust against third-party defendant Stevens; denied as waived Standard's third-party claim for unjust enrichment against Stevens; and concluded that Stevens is also entitled to an award of reasonable attorney fees against Standard. Consequently, I directed Opheim and Stevens to submit fee applications and granted Standard time to resist the

reasonableness of the attorney fee claims, all in compliance with applicable local rules. On January 23, 2018, Opheim submitted his Motion For Attorney Fees, seeking fees and costs in the amount of $6,564.46,[1] and including the itemization and summary of fees and costs required by N.D. IA. L.R. 54A(a). On January 24, 2018, Stevens submitted his Motion For Attorney Fees, seeking fees and costs in the amount of $5,670.00, including the itemization and summary of fees required by N.D. IA. L.R. 54A(a). Standard has filed no timely response to either fee claim. Thus, I conclude that Standard does not challenge the reasonableness of the fees and costs claimed.

In my Opinion, I concluded that awards of fees and costs to Opheim and Stevens satisfied the threshold requirement of 29 U.S.C. § 1132(g) for an award of attorney fees, some degree of success on the merits. *See Thole v. U.S. Bank, Natl Assn*, 873 F.3d 617, 630 (8th Cir. 2017). I also concluded that a balance of the factors set out in *Lawrence v. Westerhaus*, 749 F.2d 494, 495-96 (8th Cir. 1984), demonstrated that such an award to each claimant was appropriate. Thus, here, I need only consider the reasonableness of the amounts claimed, pursuant to the lodestar and/or percentage of the benefit method and applicable factors. *Keil v. Lopez*, 862 F.3d 685, 701 (8th Cir. 2017) (noting the appropriate methods and identifying the source of factors relevant to determination of the reasonableness of the fee award); *Huyer v. Buckley*, 849 F.3d 395, 399 (8th Cir. 2017) (using one method as a cross-check on the other and identifying relevant factors).

I have considered both the hourly rates claimed ($210 per hour for Opheim's counsel and $175 per hour for Stevens's counsel), the total hours claimed (29.6 hours by Opheim's counsel and 32.4 hours by Stevens's counsel), the hours claimed for the itemized tasks, and the total fees claimed ($6,216 for Opheim and $5,670 for Stevens),

---

[1] The amount claimed was actually $6,546.16, but this amount was the result of a math error of $.30.

and I find them reasonable using the lodestar method. *Kiel*, 862 F.3d at 701; *Huyer*, 849 F.3d at 399. As a cross-check, I also find them reasonable under the percentage of benefit method. *Id.*; *Huyer*, 849 F.3d at 399. Opheim's total fees amount to a mere 8.29% of the $75,000 in benefits that Opheim recovered, and Stevens's total fees are a mere 7.55% of the $75,000 that Standard sought to require Stevens to hold in an equitable trust. I find the fees claimed are reasonable, as well, in light of the time and work required, the preclusion of other employment due to acceptance of this case, the results obtained, and the experience, reputation, and ability of the attorneys. *Huyer*, 849 F.3d at 399 (including these factors as relevant). Similarly, I find the $348.46 in costs claimed by Opheim, consisting primarily of filing fees, service fees, and copy costs, with just under $1 for postage, to be reasonable. Stevens claimed no costs.

THEREFORE,

1. Plaintiff Opheim's January 23, 2018, Motion For Attorney Fees (docket no. 22) is **granted**, and Opheim is awarded $6,216 in attorney fees and $348.46 in costs against Standard; and

2. Third-party defendant Stevens's January 24, 2018, Motion For Attorney Fees (docket no. 23) is **granted**, and Stevens is awarded $5,670 in attorney fees against Standard.

**IT IS SO ORDERED**.

**DATED** this 1st day of March, 2018.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA